### STATE v. WAYNE BRYANT.

(Filed 17 March, 1965.)

**1. Criminal Law § 74—**

Where the State's evidence tends to show that defendant was on the outside of a filling station, presumably endeavoring to repair his companion's car while his companion was breaking into the filling station with intent to commit larceny, testimony elicited by the State on cross-examination of the companion that he did not intend to commit larceny when he entered the building but that when he saw the cash register he attempted to open it

and, upon being unable to do so, undertook to take it to the automobile, *held* competent as tending to throw light on the relationship and understanding between the two.

2. **Burglary and Unlawful Breakings § 4— Evidence of defendant's guilt as aider and abetter held for jury.**

Evidence that defendant and his companion had ridden around in his companion's car for some several hours prior to the break-in, that defendant was standing at the rear of the car at the filling station in question when the officers passed and became suspicious, and was standing at the front of the car with the hood up when the officers returned, that as the officers were interrogating him they heard a noise inside the station and found the companion hiding in the lubricating room, and that the companion instead of obeying the officers broke and ran, together with evidence that the window of the station had been broken and the cash register moved to the lubricating room from the sales counter, *held* sufficient to be submitted to the jury on the question of defendant's guilt as an aider and abetter.

APPEAL by defendant from *Mintz, J.,* August-September, 1964 Criminal Session, WILSON Superior Court.

The defendant was indicted for the felonious breaking and entering Aubrey Brissette's Sinclair station in Wilson County and the larceny of $52.10 in cash. At the solicitor's instance the court entered a verdict of not guilty on the larceny charge. The jury returned a verdict of guilty of the felonious breaking and from a judgment of imprisonment for eight months, the defendant appealed.

*T. W. Bruton, Attorney General, Richard T. Sanders, Assistant Attorney General for the State.*
*Vernon F. Daughtridge for defendant appellant.*

HIGGINS, J. The defendant, Wayne Bryant, was tried and convicted upon the theory that he was present at the Sinclair station on the night of April 29, 1964, for the purpose of aiding and abetting his cousin, Earl Bryant, who actually did the breaking and entering with intent to steal the money and chattels kept in the building by the owner. Both were familiar with the setup at the station.

The State's evidence disclosed that the owner closed and locked up about 9:30 at night. There were an illuminated clock and a lighted vending machine in the sales room facing the Raleigh Road. A small light illuminated the apron around the pumps. Two police officers on patrol passed the station about 10:30 p.m. They saw an automobile parked near the pumps. One of the officers saw a man bending over at the rear of the vehicle. The officers became suspicious, drove a short distance, then back to the station. The defendant was then at the front

of the vehicle, with the hood up. He first stated the vehicle belonged to him but when asked for his owner's card he said it belonged to his brother.

While the officers were interrogating the defendant they heard a noise inside the station. One of the officers found Earl Bryant hiding in the lubricating room. When, in obedience to the officer's orders, Earl crawled through the broken window, he "hit the ground running." Refusing to obey the repeated orders to halt, he received a pistol wound in his leg just as he entered the woods.

The cash register had been moved into the lubricating room from the sales counter. It contained $52.10. The parked vehicle actually belonged to Earl Bryant. The two had been "riding around the country" since 6:30. Both had been drinking beer.

When the court overruled the motion for a directed verdict of not guilty, both the defendant and Earl Bryant testified as defense witnesses. The defendant testified that Earl left to go to the restroom in the station. He had no knowledge, according to his story, that Earl might develop interest in some other business such as a cash register.

Earl testified he had no intention of entering the building for the purpose of larceny until he saw the cash register. He entered through the window, attempted to open the cash register, but when the attempt failed he undertook to get it through the window, intending to take it to the automobile. Apparently his efforts alerted the officers who discovered him in the building.

The defendant strenuously objected to Earl's testimony with respect to his intentions to take the cash register to the parked automobile. He assigns its admission as error. The evidence was brought out on cross-examination. Earl was the defendant's witness, his near relative, the owner and driver of the automobile in which they both rode to the scene of the crime and in which both presumably intended to leave the scene. The defendant was charged with aiding and abetting Earl in the felonious breaking. Earl's admission was material as tending to throw light on the relationship and understanding between the two. The evidence permitted an inference the defendant was at the automobile out front to watch while Earl made the felonious entry and that both were acting in concert and intended to share in the loot. The officers appeared before the cash register was opened and Earl not having gained possession of the money, the solicitor dropped the larceny charge.

The assignment of error based on the court's refusal to direct a verdict for the defendant at the close of all the evidence is not sustained.

Other objections interposed during the trial do not disclose error; neither do they require discussion.

No error.